## POPOVITCH v DAYTON & TROY ELECTRIC RY. CO.

Ohio Appeals, 2nd Dist, Miami Co

No. 265. Decided Jan 2, 1931

Frank Krehbiel, of Dayton, E. H. & R. E. Kerr, Tippecanoe City, for Popovich.

McMahon, Corwin, Landis & Markham, Dayton, for Railway Co.

HORNBECK, J.

The theory of counsel for defendant seems to be that upon showing boot-legging on the part of Popovich it follows that he was not ill but able to work and had an income of

444

sufficient consequence to negative the proof that plaintiff's decedent was required to lend financial assistance to Popovich's wife. We have always doubted if such evidence had any probative effect for either purpose. It is a matter of rumor that bootleggers prosper and are affluent. Some are. Some are not. The experience of the writer is that they are poor and if possible continue to get poorer in the practice. Nor do they have to be well to sell liquor.

The offenses coming under the head of boot-legging are crimes, proof of which ordinarily relates only to credibility. Bootlegging is recognized neither as a lawful nor a gainful occupation.

The record is interspersed with many questions to witnesses in the presence of the jury touching the boot-legging activities of Popovich. He was put on the stand and before he had testified at any considerable length, counsel launched into a series of questions, the purpose of which was to show his activity in liquor violations. A studied effort was made to emphasize through the power of suggestion in questions that which could not be secured by answers. Counsel could safely and with propriety have protected his record with many less queries touching this subject matter. As is suggested in the brief of counsel for defendant nothing was permitted in the record directly showing Popovich to have been a boot-legger, but comment was made in the argument as though it had been established.

Members of Popovich's family were asked if they had not heard from some dignitary in the old country that Yale had another wife. Such a question was manifestly improper, and if it had been answered would have elicited testimony which must have been stricken out on objection, and experienced counsel must have known it was improper.

Observations were likewise made concerning the possibility of the wife of plaintiff's decedent living and yet no evidence was offered tending to establish this fact. We frankly say that the record presents a rather difficult situation touching conduct of counsel in the trial.

The court very properly upon objection refused to admit the testimony sought to be elicited by the improper questions. The case, therefore, presents the necessity of determining whether or not under the obligation enjoined upon the trial court as set forth in **Hays v Smith, 62 Oh St, 161,** the situation required that the court on its own motion admonish counsel not to proceed with his line of questioning and to remove by instruction to the jury any prejudice that may have resulted therefrom.

The judge who presided has had the widest experience in the trial of cases, had opportunity to observe the effect of conduct of counsel, and evidently did not believe the situation required further action on his part than is disclosed by the record. It was passed on again on the motion for a new trial and held not to be prejudicial. We can not say that there was an abuse of direction. Some objection is made to the charge of the court wherein the jury was permitted to pass upon the weight of the testimony, the credibility of the witnesses, notwithstanding there was no express contradiction of this testimony. We have examined the charge and find it entirely satisfactory in the matter to which objection is urged.

The next of kin were a brother and sister and the probability of receiving money in a considerable amount is much less than if they had sustained a closer relationship to the plaintiff's decedent. Some of the claims concerning his assistance to the next of kin seem exaggerated.

We cannot say that this record requires that we remand this case to the trial court a second time and being of that opinion the judgment will be affirmed.

KUNKLE, PJ, and ALLREAD, J, concur.